PER CURIAM.
Petitioner-appellant, Jules J. Dossick, D. O., filed the instant petition for writ of certiorari seeking review of an order of the Florida State Board of Osteopathic Medical Examiners revoking his license.
An administrative complaint was filed against Dossick for the alleged violations of subsections 2(m) and (n) of Section 459.14, Florida Statutes (1975).[1] In essence the complaint alleged that Dossick, on four separate occasions, had given to his patients a prescription for Placidyl 750 mg. without inquiring into or substantiating any physical or psychological need for such drug and without inquiring into the patients’ past medical history. Extensive evidence was presented at several hearings held before a hearing officer. Based upon this evidence, the hearing officer entered a recommended order in which he set out his findings of fact and recommended that Dossick’s license be suspended for six months based upon the conclusion that he (Dossick) did not conform to the minimal community standards of acceptable and prevailing osteopathic medicine which requires a physical examination be given before Placidyl is prescribed for a patient. The hearing officer also found that Dossick’s motivation was not financial in that he spent upward of one-half hour with each patient for a $10 fee. Thereafter, a hearing was held before the Osteopathic Board of Medical Examiners which revoked Dossick’s license and Dossick filed the instant petition for writ of certiorari to review the revocation.
Although there was substantial, competent evidence contained in the record presented to the Osteopathic Board (and to this court) to support the findings of fact of the hearing officer, the complete record of the proceedings before the hearing officer was not before the Osteopathic Board. There being an incomplete record before the Board, we find that the Board erred in increasing the penalty recommended by the hearing officer by revoking Dossick’s license. See Section 120.57(1)(b)(9), Florida Statutes (1975).[2]
Accordingly, the writ of certiorari is granted, the revocation order is reversed and the cause remanded to the Osteopathic Board to enter a new order suspending Dos- *14 sick’s license for six months as recommended by the hearing officer.
Certiorari granted.

. “(m) A finding by the board that the individual is guilty of immoral or unprofessional conduct. Unprofessional conduct shall include any departure from, or failure to conform to, the minimal standards of acceptable and prevailing osteopathic medical practice, without regard to the injury of a patient, or the committing of any act contrary to honesty, whether the same is committed in the course of practice or not.
“(n) Violation of any statute or law of this state or any other state or territory of the United States or of any foreign country, which statute or law relates to the practice of medicine.”

. “9. The agency may adopt the recommended order as the agency’s final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court in reversing an agency’s order, finds that such agency action was done in bad faith or maliciously, the court may award attorney’s fees and costs to the aggrieved prevailing party.”